2026 Tex. Bus. 29



**THE BUSINESS COURT OF TEXAS**
**ELEVENTH DIVISION**

| | | |
|---|---|---|
| Plains Pipeline, L.P., and Plains Marketing, L.P.,<br><br>　　　*Plaintiffs,*<br><br>v.<br><br>Arrowhead Gulf Coast Holdings, LLC, Arrowhead Gulf Coast Pipeline, LLC, and Arrowhead Gulf Coast Midstream, LLC,<br><br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. 25-BC11A-0024 |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

¶1　On February 23, 2026, came to be heard Plains Pipeline, L.P. and Plains Marketing, L.P.'s ("Plaintiffs") Traditional Motion for Summary Judgment ("Plaintiffs' Motion") as well as Arrowhead Gulf Coast Holdings, LLC, Arrowhead Gulf Coast Pipeline, LLC, and Arrowhead Gulf Coast Midstream, LLC's ("Defendants") Motion for Summary Judgment ("Defendants' Motion"). At this juncture, having considered Plaintiffs' Motion; Defendants' Motion; Defendants' Response to Plaintiffs' Motion; Plaintiffs' Reply in Support of Plaintiffs' Motion; Plaintiffs' Opposition to Defendants' Motion; Defendants' Reply in Support of Defendants' Motion; Defendants' Supplemental Brief in Support of

1

Defendants' Motion; Plaintiffs' Response to Defendants' Supplemental Brief in Support of Defendants' Motion; Plaintiffs' Supplemental Brief in Support of Plaintiffs' Motion and in Opposition to Defendants' Motion; Defendants' Response to the May 12 Supplement to Plaintiffs' Motion; the evidence presented; the arguments of counsel; and the current status of the law, the Court finds that Defendants' Motion should be **GRANTED** and Plaintiffs' Motion should be **DENIED**.

## II. ANALYSIS

¶2    Whether the dispute before the Court is framed as a "contractual indemnity"[1] matter or a "straightforward breach of a negotiated asset-purchase agreement,"[2] the parties' cross-motions for summary judgment posit the following inquiry.[3] Are Defendants contractually required to reimburse Plaintiffs for costs incurred defending and resolving certain erosion damage and failure to maintain infrastructure claims filed in Louisiana against current and former owners of the subject pipeline assets?[4]

¶3    Based on scrutiny of the BOA and Other Assets Purchase Agreement Among Plains Pipeline, L.P., Plains Marketing, L.P. and Arrowhead Gulf Coast Holdings, LLC

---

[1] Defendants' Motion at 1 ("Despite Plaintiffs' efforts to characterize it otherwise, this is a contractual indemnity case.").

[2] Plaintiffs' Motion at 5 ("This case involves a straightforward breach of a negotiated asset-purchase agreement.").

[3] A party moving for traditional summary judgment must demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). The evidence favoring the non-movant is taken as true and every reasonable inference from the evidence is indulged in the non-movant's favor. *Nixon*, 690 S.W.2d at 548–49; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984). "When a contract is not ambiguous, the construction of the written instrument is a question of law for the court." *MCI Telecommunications Corp. v. Tex. Utilities Elec. Co.*, 995 S.W.2d 647, 650 (Tex. 1999) (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).

[4] The underlying lawsuit is identified in the Original Petition as *The Louisiana Department of Wildlife and Fisheries, et al. v. BP Oil Pipeline Company, et al.*, Case No. 848368, In the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

Dated January 26, 2016 ("Purchase Agreement"),[5] the Court concludes that the Purchase Agreement unambiguously limits Plaintiffs' remedy to the indemnification provisions in Article X thereof, and those indemnification obligations expired before Plaintiffs asserted the claims at issue before this Court. *See* Purchase Agreement §§ 10.1(b) ("Buyer's General Indemnification Obligation"), 10.3(e) ("Exclusive Remedy"), and 10.4 ("Survival of Provisions and Indemnification Obligations").[6]

¶4 Plaintiffs propose a construction of the Purchase Agreement under which they would be entitled to reimbursement from Defendants for all costs of defending third-party actions relating to the Pipeline Assets "in perpetuity."[7] The Court finds that Plaintiffs' interpretation—alleging the absence of language in the Purchase Agreement limiting the temporal scope of the assumption obligations—would render the exclusive remedy and the survival provisions of Article X superfluous.[8] *See Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 257 (Tex. 2023), *reh'g denied* (Sept. 29, 2023) (Texas courts "examine the entire [contract] and attempt to harmonize all its parts, even if

---

[5] The Purchase Agreement is attached as Exhibit 1 to the Original Petition and is reproduced as an exhibit to each of the parties' motions. The parties' transaction was governed not only by the Purchase Agreement, but also by the First Amendment to BOA and Other Assets Purchase Agreement dated February 4, 2016, the Second Amendment to BOA and Other Assets Purchase Agreement dated February 12, 2016, and the Third Amendment to BOA and Other Assets Purchase Agreement dated March 31, 2016. The parties have also executed Assignment and Assumption Agreements (made effective March 31, 2016) pursuant to the transaction.

[6] Other contractual provisions pertinent to the parties' dispute are Sections 1.1 ("Definitions," including the defined terms "Assumed Liabilities," "Liability," and "Losses"), 2.1 ("Purchase and Sale of the Pipeline Assets"), and 6.2 ("Covenants of Buyer") of the Purchase Agreement, and Paragraph 1 of the Third Amendment to BOA and Other Assets Purchase Agreement (amended definition of "Losses").

[7] *See* Plaintiffs' Motion at 6 ("[Defendants] assumed the Assumed Liabilities at closing, in perpetuity, and must now be held accountable."), 15–19 (Section entitled "The One-Year Cap [Defendants] Claim[] Applies to [Their] Separate Indemnity Obligation Does Not Impact [Their] Assumption of the Assumed Liabilities.").

[8] *See* Defendants' Reply in Support of Defendants' Motion at 3 ("[C]ontrary to [Plaintiffs'] assertions, its interpretation does not give effect to all the provisions in the Purchase Agreement—it reads the indemnity provisions out of the agreement entirely, contrary to the rules of contract construction.").

different parts appear contradictory or inconsistent.") (citation omitted) (internal quotation marks omitted); *Bailey v. Kliebert Dev., LLC*, No. 14-15-00984-CV, 2017 WL 924484, at *6 (Tex. App.—Houston [14th Dist.] Mar. 7, 2017, no pet.) ("When interpreting a contract, our primary concern is to ascertain and give effect to the written expression of the parties' intent. By this approach, we strive to honor the parties' agreement and not remake their contract by reading additional provisions into it. . . . We do not consider only those parts of a contract that favor one party. Rather, we examine the writing as a whole to harmonize and give effect to all of the contract's provisions.") (citations omitted) (internal quotation marks omitted); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003) ("[W]e must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless.").

¶5     Further, Plaintiffs' construction is not a reasonable alternative interpretation sufficient to support a finding of ambiguity. *See Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006) ("An ambiguity exists only if the contract language is susceptible to two or more reasonable interpretations.") (quoting *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003)) (internal quotation marks omitted); *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996) ("[I]f [a] contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous, which creates a fact issue on the parties' intent.") (citations omitted).

4

## III. CONCLUSION

¶6    Under the unambiguous terms of the Purchase Agreement, the negotiated indemnity and exclusive remedy provisions, coupled with the mandatory claim notice deadline tied to the requisite survival period, Plaintiffs' claims against the Defendants are barred.[9]  It is, therefore, hereby **ORDERED AND DECREED** that Defendants' Motion is **GRANTED** on all claims and causes of action asserted by Plaintiffs against Defendants, and that Plaintiffs shall take nothing on their claims in this action against Defendants.  It is further **ORDERED** that Plaintiffs' Motion is **DENIED**.

**SO ORDERED.**

SIGNED: May 16, 2026

_____
Hon. Sofia Adrogué
Texas Business Court, Eleventh Division

---

[9] *See* Defendants' Motion at 6–10 (Sections entitled as follows: "[Plaintiffs'] claims against [Defendants] are barred by the Purchase Agreement," "[Plaintiffs'] efforts to avoid this unambiguous construct are groundless," and "Section 10.2(b) independently bars [Plaintiffs'] claim because [Plaintiffs] did not provide written notice before the survival period expired.").